ALEXANDER B. CVITAN (SBN 81746),
(Email: alc@rac-law.com)
J. DAVID SACKMAN (SBN 106703)
(Email: jds@rac-law.com)
MARSHA M. HAMASAKI (SBN 102720), and
(Email: marshah@rac-law.com)
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINO TRAFFIC CONTROL, INC., a California corporation, doing business as CAROLINO BUILDERS,<br><br>Defendant. | CASE NO.:<br><br>COMPLAINT FOR: CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS<br><br>[29 U.S.C. §§ 185(a), 1132(g)(2) & 1145] |

Plaintiff alleges as follows:

## INTRODUCTION

1.  This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect contributions due such plans, as part of the compensation due employees pursuant to collective bargaining agreement(s) governed by federal law.

/ /

-1-

313909.1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the First Claim under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and Section 301(a) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185(a).  Venue is proper in this district in that the employee benefit plans are administered and breach took place within this district.

## PARTIES

3.  Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("CLTF") is a Delaware limited liability company, with its principal place of business in this District.  CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California, Center For Contract Compliance, Laborers' Trusts Administrative Trust Fund For Southern California, San Diego County Construction Laborers Pension Trust Fund and San Diego Construction Advancement Fund 2003, (collectively "TRUST FUNDS").  Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).  The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements between the Southern California District Council of Laborers and its Affiliated Locals, including Local No. 89 ("UNION") and various employers.  The TRUST FUNDS are administered in the County of Los Angeles, State of California.  CLTF brings this action as a fiduciary on behalf of the TRUST FUNDS.

4.  Plaintiff is informed and believes and thereon alleges that Defendant,

313909.1

1  CAROLINO TRAFFIC CONTROL, INC., also known and doing business as
2  CAROLINO BUILDERS ("EMPLOYER"), is a corporation organized and existing
3  under and by virtue of the laws of the State of California and is and/or was engaged in
4  business in the State of California with its principal place of business in the city of
5  National City, County of San Diego, State of California.

## OTHERS

5. The Southern California District Council of Laborers and its affiliated Local Unions, including Local No. 89 (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce. The UNION is not a party to this action.

## AGREEMENTS

6. At all times herein mentioned, EMPLOYER has been and continues to be signatory to a Laborers Short Form Agreement for the Construction Industry ("Short Form") with the UNION which binds EMPLOYER to the UNION'S Construction Master Labor Agreements ("MLA".)

7. Pursuant to the Short Form and MLA, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended ("Trust Agreements".)  The referenced Agreements will be collectively referred to as "AGREEMENTS".  The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("Monthly Contributions").  The EMPLOYER is additionally required to submit monthly reports with these Monthly Contributions, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those monthly reports are

313909.1

required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of Monthly Contributions due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those Monthly Contributions constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

8.   The AGREEMENTS provide for the payment of interest on delinquent Monthly Contributions from the date due at a rate set by the trustees of the TRUST FUNDS.  The trustees have set that rate at five percent (5%) above the prime rate set by the Federal Reserve Board of San Francisco, California.  The Agreements also provide for the payment of liquidated damages for each month of delinquent Monthly Contributions or Monthly Reports, for each Trust Fund separately, in the amount of twenty percent (20%) of the delinquent Monthly Contributions due to the Trust Fund or $25, whichever is greater (except with respect to the Laborers Contract Administration Trust Fund for Southern California, which assesses liquidated damages at the greater of $20 or ten percent (10%).  In addition, employers are required to pay fees for the submission of checks not honored by the banks upon which they are drawn.

9.   The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the Agreements to those subcontractors who are parties to Collective Bargaining Agreements with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the

Monthly Contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

10. The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any Monthly Contributions, liquidated damages and interest owed.

11. The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate Monthly Contributions to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

12. Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS. Due to EMPLOYER'S continuing monthly reporting and payment obligations under the AGREEMENTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time, and said amounts will be established by proof at the trial or other hearing.

13. All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

313909.1

# DAMAGES

14.  As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from January 2012 through January 31, 2016, damages in the sum of at least $40,181.30 consisting of $13,297.87 in unpaid Monthly Contributions, $20,303.12 in liquidated damages, $800.00 in audit fees, $5,780.31 in interest on the late and/or unpaid Monthly Contributions owed to the TRUST FUNDS through January 31, 2017, plus additional accrued interest at the plan rate(s), currently 6.25% per annum until payment of the contribution is made as well as any additional Monthly Contributions, liquidated damages, audit fees and interest on the additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.  The time period within which to seek recovery of the damages claimed by the TRUST FUNDS commenced at the time of discovery when it was determined through the audit of EMPLOYER's records in August 2014 that the amounts were due and owing by EMPLOYER.

15.  The failure of the EMPLOYER to pay Monthly Contributions when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the Monthly Contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late Monthly Contributions, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay Monthly Contributions.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their

discretion by declining to waive any liquidated damages.

16. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit Monthly Contributions and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

17. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent Monthly Contributions but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For the sum of $13, 297.87, or according to proof, for delinquent fringe benefit Monthly Contributions pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

2. Interest on the delinquent Monthly Contributions in the amount of $5,780.31 through January 30, 2017, or as subject to proof, as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), plus additional accrued interest at the plan rate(s);

3. For liquidated damages in the sum of $20,303.12, or as subject to proof, as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4. For any additional amounts including fringe benefits, liquidated damages, audit fees, fees/costs incurred by the TRUST FUNDS as a result of the submission of checks not honored by the bank upon which they were drawn, and amounts owed as a

result work performed by an y subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due, plus interest at the plan rate(s) currently 6.25% pursuant to the AGREEMENT and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

    5.    For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

    6.    For Plaintiff's costs of audit in the sum of $800.00, or as subject to proof, in accordance with the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(E);

    7.    For such other and further relief as the Court deems proper.

Respectfully Submitted,

DATED: February 1, 2017

ALEXANDER B. CVITAN,
MARSHA M. HAMASAKI, and
PETER A. HUTCHINSON, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

By  /s/Marsha M. Hamasaki
MARSHA M. HAMASAKI
Attorneys for Plaintiff

-8-

313909.1